**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ERIC RICHARD WISE, 01382-449,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:08-CV-848-L** |
| | ) | **ECF** |
| **STEVEN M. SUSCY and RICHARD ROPER,** | ) | |
| **Defendants.** | ) | |

**AMENDED FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the

provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the

United States District Court for the Northern District of Texas.  The Findings, Conclusions and

Recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I.      FACTUAL BACKGROUND**

Plaintiff alleges Defendants violated his civil rights under *Bivens v. Six Unknown Federal*

*Agents*, 403 U.S. 388 (1971), RICO and Texas state law.  Plaintiff is proceeding pro se and the

Court has granted him leave to proceed *in forma pauperis*.  Process has not issued pending

preliminary screening.

On October 21, 2004, Plaintiff pled guilty to production of child pornography, enticement

of a child, and travel with intent to engage in a sexual act with a juvenile.  He was sentenced to

168 months confinement on each count, to run concurrently.

Plaintiff files this complaint against Assistant United States Attorney Steven Suscy and

United States Attorney Richard Roper.

On May 19, 2008, Plaintiff filed his original complaint arguing that Defendants violated his rights under *Bivens*, RICO and Texas state law by: (1) repeatedly reindicted him to force him to plead guilty; (2) extraditing him from Wisconsin to Texas without notice; (3) publicly declaring him guilty before his guilty plea; (4) publishing the details of his confession; (5) bribing public officials by stating in open court that Wisconsin Detective Ric Bentz would be provided a barbeque dinner and golf if he came to Texas to testify; (6) calling Plaintiff a "predator"; (7) causing other prisoners to beat and harass Plaintiff by publishing Plaintiff's confession and by declaring him guilty before he pled guilty; (8) publishing sealed records; and (9) transporting him from Lubbock, Texas, to Oklahoma City, Oklahoma, and back to Lubbock the same night as a form of punishment.

On July 17, 2008, Plaintiff filed an amended complaint arguing that Defendants violated his equal protection rights under the Fourteenth Amendment.

On November 16, 2008, the undersigned Magistrate Judge entered Findings, Conclusions and a Recommendation that the complaint be dismissed.  The Court found most of Plaintiff's claims time-barred, and found the remaining claims failed to state a claim under *Bivens*.  On November 19, 2008, Plaintiff filed objections.  He stated that the Court incorrectly construed his claims as arising only under *Bivens*.  He argues his claims also arise under Texas state law.  He also argues his claims are not time-barred because he was prevented from filing his claims earlier.  On January 14, 2009, the Court vacated its November 16, 2008, Findings.  The Court now files its Amended Findings recommending that the complaint be dismissed.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**      Page 2

## II.  DISCUSSION

**1.        Screening**

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A.  That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal–(I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from suit.").

**2.        Statute of Limitations**

The Court's original findings stated that many of Plaintiff's claims were time-barred.  In his objections, Plaintiff states that he was prevented from filing this complaint earlier because he did not have access to a law library.  He states that from December, 2004, until April, 2006, he was incarcerated in the Lubbock County Jail and that the jail did not have a law library.   He states he was then incarcerated in Kenosah County, WI.  He states that jail had no law library, and he only had access to Wisconsin state statutes.  From September, 2006, to November, 2006, he states he was in solitary confinement at the Dodge Correctional Institution, where he had no access to a law library.  In November, 2006, he was transferred to the New Lisbon Correctional

Institution.  He says he was denied access to the law library from November 2006 until June 2007.

For the purposes of these Findings, the Court will find Plaintiff's complaint timely and will address Plaintiff's claims on the merits.

**3.      Intentional Infliction of Emotional Distress**

Plaintiff alleges Defendants committed intentional infliction of emotional distress.  Under Texas law, to establish a claim for intentional infliction of emotional distress, a plaintiff must show: (1) the defendant acted intentionally or recklessly; (2) the conduct was extreme and outrageous; (3) the actions of the defendant caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe.  *Standard Fruit and Vegetable Co., Inc. v. Johnson*, 985 S.W.2d 65 (Tex. 1998).  "Extreme and outrageous" behavior requires that the conduct be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Southwestern Bell Mobile Sys., Inc. v. Franco*, 971 S.W.2d 52, 54 (Tex. 1998).

In this case, Plaintiff argues Defendants indicted him three times for no legitimate reason. He states the reindictments were intended to coerce Plaintiff into pleading guilty before more charges were added.  Plaintiff has failed to show and extreme or outrageous conduct.  Plaintiff pled guilty to the reindictment.  Plaintiff admitted the charges that were added to the original indictment were true.  Plaintiff's claim should be denied.

Plaintiff also argues that, before his guilty plea,  Defendants made comments to the media that Plaintiff was guilty and that he was a predator.  The prosecutors, however, drafted the indictment and reindictments and prosecuted the case against Plaintiff.  They obviously believed

that he was guilty of the charges and their public statements did no more than state this fact.

Plaintiff also states that during his plea proceedings Suscy revealed statements Plaintiff made in his confession. Plaintiff claims these statements were sealed. The factual resume in this case is not a sealed record. The only documents sealed in the case are the psychiatrist/psychologist report, any document identifying minor victims, and the transcripts of the motion to suppress and sentencing hearing.

Plaintiff also states the media learned that he liked the music group NSYNC and the cartoon Kim Possible. He claims the media must have learned this information from the release of sealed documents. Plaintiff, however, posted this information on the internet. (Compl. Ex. 1 at 10). He cannot show that he had any protected privacy right to this information.

Plaintiff also alleges that Suscy offered a bribe to Wisconsin detective Ric Bentz. Plaintiff states Suscy told Bentz in open court that if he came to Texas to testify against Plaintiff, Suscy would provide him a barbeque dinner and golf. Plaintiff's allegations do not establish bribery or intentional infliction of emotional distress. Plaintiff has not shown that Bentz testified untruthfully in Plaintiff's proceedings.

Plaintiff argues Defendants unlawfully released the contents of his PSR to Wisconsin officials. Plaintiff has not argued that any facts stated in the PSR are incorrect. He was provided a copy of the PSR in December, 2004, and was provided an opportunity to object to the PSR. He has not shown that disclosure of the PSR to Wisconsin officials amounted to intentional infliction of emotional distress.

Finally, Plaintiff states Suscy told the Marshall Service to transport Plaintiff from Lubbock, Texas, to Oklahoma and back for harassment purposes. Even if true, Plaintiff has

failed to show intentional infliction of emotional distress.  Such conduct does not amount to behavior that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."  *Southwestern Bell Mobile Sys., Inc.*, 971 S.W.2d at 54.  Plaintiff's claims should be denied.

## 4.     RICO

Plaintiff argues Defendants' actions have violated the RICO statute.  The Racketeer Influenced and Corrupt Organization Act ("RICO") statute imposes civil liability for certain types of prohibited conduct.  *See* 18 U.S.C. § 1962(a) - (d).  The elements of a RICO violation are: (1) a person who engages in (2) a pattern of racketeering activity (3) connected to the acquisition, establishment, conduct or control of (4) an enterprise.  *Delta Truck & Tractor, Inc. V. J. I. Case Co.*, 855 F.2d 241, 242 (5th Cir. 1988).  A "pattern" requires at least two predicate acts that are related to each other and constitute or threaten long-term criminal activity.  18 U.S.C. § 1961(5); *In re Burzynski*, 989 F.2d 733, 742 (5th Cir. 1993).

In this case, Plaintiff has failed to show any criminal activity or threatened criminal activity by Defendants.  His RICO claims should be denied.

## 5.     Abuse of Process

Plaintiff claims Defendants committed abuse of process.  He states: (1) Defendants removed him from the custody of Wisconsin officials without prior notifying him or the Wisconsin officials; and (2) Defendants did not return him to Wisconsin officials immediately after his federal prosecution, but instead transferred him into the custody of the state of Texas.

Under Texas law, the elements of abuse of process are: (1) an illegal, improper, or

perverted use of the process, neither warranted nor authorized by the process; (2)  an ulterior

motive or purpose in exercising such use; and (3) damages as a result of the illegal act.  *Graham*

*v. Mary Kay Inc.*, 25 S.W.3d 749, 756 (Tex. Ap. – Houston [14th Dist.] 2000, pet. denied).

In this case, Plaintiff has shown no illegal, improper or perverted use of process.  Plaintiff

was transferred to federal custody to face federal charges.  One his federal case was over, he was

transferred to the state of Texas to face charges in Texas state court.  Plaintiff's abuse of process

claims should be denied.

**6.    *Bivens***

A *Bivens* action is analogous to an action for civil rights violations under 42 U.S.C.

§ 1983.  The only difference is that *Bivens* applies to constitutional violations by federal, rather

than state officials.  *See Abate v. Southern Pac. Transp. Co.*, 993 F.2d 107, 110 n.14 (5th Cir.

1993).  Therefore, to establish a *Bivens* claim, a plaintiff must satisfy the requirements under

§ 1983.

To obtain relief under Bivens, a plaintiff must prove two elements: (1) a deprivation of a

right secured by the Constitution and laws of the United States; and (2) a deprivation of that right

by a defendant acting under color of federal law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flagg*

*Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978).

Plaintiff alleges Defendants violated his equal protection rights under the Fourteenth

Amendment because he is not from Texas but is a "northerner."  He states that other similarly

situated defendants who were Texans were treated more favorably.

The Court construes Plaintiff's claim as a *Bivens* action brought pursuant to the Fifth

Amendment.[1]  "The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike.  *City of Cleburne v. Cleburne Living Ctr., Inc*., 473 U.S. 432, 439 (1985).  To state a claim for violation of equal protection of the laws, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against him based upon membership in a protected class.  *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001).  "Intentional discrimination means that a defendant acted at least in part because of a plaintiff's protected status."  *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003).

In this case, Plaintiff has failed to show he is a member of a protected class and that Defendants discriminated against him on that basis.  Plaintiff's equal protections claims should be denied.

Plaintiff also claims that Defendant Suscy unlawfully disclosed his federal PSR to Wisconsin assistant district attorney Richard Cole.  First, it is unclear whether such a claim is proper under *Bivens*.  *See Shayesteh v. Raty*, 2007 WL 2317435 at *3 (D. Utah Aug. 7, 2007) (finding claims regarding misuse of PSIR information fail to state a claim under *Bivens* and should be brought pursuant to the Privacy Act, 5 U.S.C. § 552a).

Further, Plaintiff has not argued that any facts stated in the PSR are incorrect.  He was provided a copy of the PSR in December, 2004, and was provided an opportunity to object to the PSR.  He has not shown that disclosure of the PSR to Wisconsin officials violated his rights under *Bivens*.

Plaintiff claims that Suscy told the Marshall Service to transport him from Lubbock,

---

[1]The Fourteenth Amendment applies to state actions.

**Findings, Conclusions and Recommendation**
 **of the United States Magistrate Judge**      Page 8

Texas, to Oklahoma City, Oklahoma, and back to Lubbock the same night as a form of punishment.  The treatment a prisoner receives in prison and conditions under which he is confined are subject to scrutiny under the Eighth Amendment.  *Helling v. McKinney*, 509 U.S. 25, 31 (1993).  To establish a violation of the Eighth Amendment, Plaintiff must show (1) a deprivation that is objectively "sufficiently serious," and (2) that the defendant acted with "deliberate indifference."  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations omitted).  A prison condition violates the Eighth Amendment only if it is so serious that it deprives the prisoner of the "minimal civilized measure of life's necessities, as when it denies the prisoner some basic human need."  *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995) (citations omitted).  In this case, Plaintiff's allegations fail to allege a prison condition which is sufficiently serious to violate the Eighth Amendment.  His claim should be denied.

Finally, as discussed above, Plaintiff's claims of intentional infliction of emotional distress, violations of RICO, and abuse of process fail to show the deprivation of any federal or constitutional right.  His *Bivens* claims should be denied.

## RECOMMENDATION

The Court recommends that Plaintiff's complaint be dismissed as frivolous.

Signed this 22nd day of May, 2009.


PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**      Page 9

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on Plaintiff.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).